UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERIC WHALEN

         Plaintiff,

      v.              5:08-CV-0246
                        (NAM/GHL)

CITY OF SYRACUSE, a municipal corporation,
SYRACUSE POLICE DEPARTMENT, S.H.
MARTE, individually and in his official capacity
as a Syracuse Police Officer, et al,

         Defendants.

APPEARANCES

ERIC WHALEN
Plaintiff *pro se*
753 James Street, Apt. 1203
Syracuse, New York 13203

GEORGE H. LOWE, United States Magistrate Judge

## ORDER AND REPORT AND RECOMMENDATION

The Clerk has sent to the Court for review a *pro se* complaint submitted for filing by Plaintiff Eric Whalen, together with an application to proceed *in forma pauperis*. (Dkt. Nos. 1 and 2.)

In his *pro se* complaint, Plaintiff alleges that Defendants conducted surreptitious electronic surveillance of Plaintiff and disclosed personal information gleaned through that surveillance. Plaintiff alleges that Defendants did so knowing of Plaintiff's mental health diagnosis and that "their activities could be interpreted as paranoia a symptom of mental illness." (Dkt. No. 1. at ¶¶ 8-9.) When Plaintiff contacted the Syracuse Police Department to report the surveillance, Officer S.H. Marte was sent to take a police report. (Dkt. No. 1 at ¶13.) Plaintiff alleges that

> I explained my circumstances to Defendant Officer S.H. Marte. Without
> telling Defendant Officer S.H. Marte anything about a mental health
> diagnosis Defendant Officer S.H. Marte immediately began asking questions

> about psychiatric medication. Defendant Officer S.H. Marte made other statements to the effect that my suspicions were due to mental illness.

(Dkt. No. 1 at ¶ 14.) The Complaint does not include any further factual allegations about Defendants' actions. Plaintiff alleges that Defendants "intentional and outrageous" actions violated Plaintiff's rights under the Equal Protection Clause and his right to privacy. (Dkt. No. 1.)

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[2] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Plaintiff's Complaint does not state a claim for an equal protection violation. The Equal

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

-2-

Protection Clause requires the government to treat all similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1989). In the usual equal protection case, the plaintiff will allege membership in a protected class. *Assoko v. City of New York*, ___ F. Supp. 2d ___, No. 06 Civ. 11414 (RJH), 2008 WL 789105, at * 3 (S.D.N.Y. Mar. 26, 2008). Here, Plaintiff does not claim membership in a protected class. Although, read broadly, the Complaint alleges that Plaintiff is mentally disabled, "mentally disabled persons do not constitute a suspect or quasisuspect classification calling for a more exacting standard of judicial review." 16B Am. Jur. 2d *Constitutional Law* § 855 (2008); *See generally City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985). A plaintiff who does not allege membership in a protected class may still state a claim for an equal protection violation under a "class of one" theory. *Assoko*, 2208 WL 789105, at *3. In order to state such a claim, a plaintiff must allege (1) that he was intentionally treated differently from other similarly situated individuals; and (2) that the disparate treatment was either (a) "irrational and wholly arbitrary" or (b) motivated by animus. *Id.* Here, read broadly, Plaintiff's Complaint establishes the first prong because it alleges that Plaintiff is "similarly situated to other(s) who receive protection from the Syracuse Police Department in similar matters." (Dkt. No. 1 at ¶ 17.) However, the Complaint does not allege any facts showing that Defendants acted irrationally and arbitrarily or that they were motivated by animus. *Cf. DeMuria v. Hawkes*, 328 F.3d 704 (2d Cir. 2003) ("class of one" theory stated where complaint alleged that police officer failed to properly investigate complaint due to friendship with alleged wrongdoer). Therefore, the Complaint fails to state a claim for violations of the Equal Protection Clause.

Plaintiff's claim regarding the violation of his privacy is frivolous. "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is 'based on an indisputably meritless legal theory." *Livingston v.*

*Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998).

Here, Plaintiff alleges that the only explanation for Officer Marte's questions regarding psychiatric medications is that Officer Marte was privy to information obtained through illegal, surreptitious electronic surveillance. Given the lack of any other factual averments in the Complaint, the undersigned can conclude only that the allegation is the product of delusion or fantasy. Therefore, Plaintiff's privacy claim is frivolous.

For the reasons stated above, the pleading, as presented to this Court, cannot be supported by an arguable basis in law and should therefore be dismissed pursuant to 28 U.S.C. § 1915(e).

Should Plaintiff claim that this action should not be dismissed, he is directed to file an amended Complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation. Any amended Complaint, **which shall supersede and replace in its entirety Plaintiff's original Complaint**, must allege claims of misconduct or wrongdoing against the Defendants which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in forma pauperis* application is granted;[3] and it is further

**RECOMMENDED**, that Plaintiff's Complaint be dismissed for failure to state a claim; and it is further

**RECOMMENDED**, that Plaintiff may file an amended Complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation, and it is further

---

[3] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED**, that if Plaintiff fails to timely file an amended Complaint, the Clerk enter judgment dismissing this action without further order of this Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation, and it is further

**RECOMMENDED**, that upon the filing of Plaintiff's amended Complaint, the file in this matter be returned to the Court for further review, and it is further

**ORDERED**, that the Clerk serve a copy of this Order and Report and Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: April 1, 2008
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge