UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERIC WHALEN

        Plaintiff,

    v.             5:08-CV-0246
                      (NAM/GHL)

CITY OF SYRACUSE, a municipal corporation,
SYRACUSE POLICE DEPARTMENT, S.H.
MARTE, individually and in his official capacity
as a Syracuse Police Officer, et al,

        Defendants.

APPEARANCES

ERIC WHALEN
Plaintiff *pro se*
753 James Street, Apt. 1203
Syracuse, New York 13203

GEORGE H. LOWE, United States Magistrate Judge

## **ORDER**

  The Clerk has sent to the Court for review a *pro se* amended complaint submitted by Plaintiff Eric Whalen. (Dkt. No. 7.) Plaintiff filed the amended complaint in response to this Court's Order of April 8, 2008 (Dkt. No. 6), which adopted the undersigned's April 1, 2008, Report and Recommendation. (Dkt. No. 4.) In that Report and Recommendation, I found that Plaintiff's original complaint did not state a cause of action under a "class of one" equal protection theory because it did not allege that Defendants acted irrationally and arbitrarily or that they were motivated by animus. *Id.* at 2-3. I further found that Plaintiff's claim for violation of privacy was frivolous. *Id*. at 3-4.

  The amended complaint cures those defects, at least for the purposes of initial review under 28 U.S.C. § 1915. At the pleading stage, all that is required to state a claim for a "class of one" equal protection violation is that (1) the plaintiff was treated differently from other similarly situated

individuals; (2) the defendants intentionally treated the plaintiff differently; and (3) the disparate treatment was either (a) "irrational and wholly arbitrary" or (b) motivated by animus. *Assoko v. City of New York*, 539 F. Supp. 2d 728 (S.D.N.Y. 2008)[1]. Plaintiff has pleaded each of these elements. First, the amended complaint states that "Plaintiff is similarly situated to other (sic) who receive protection from defendant Syracuse Police Department in similar matters." (Dkt. No. 7 at ¶ 20.) Second, the amended complaint alleges that Defendants acted 'knowingly.' (Dkt. No. 7 at ¶¶ 12, 13, 22.) Third, the amended complaint states that defendant Marte was "motivated by the animus generated by Doe Defendants." (Dkt. No. 7 at ¶ 22.)

Plaintiff has not reasserted his cause of action for invasion of privacy. He has replaced it with a state law cause of action for intentional infliction of emotional distress, which is sufficiently well-pleaded to survive this initial review under 28 U.S.C. § 1915.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in forma pauperis* application is **GRANTED**.[2] The Clerk of the Court shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon Defendants, together with a copy of this Order; and it is further

---

[1] The standard for proving a "class of one" case becomes much more stringent after a case proceeds beyond the pleading stage. After the pleading stage, a plaintiff must show that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (that) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Nielson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005). *See, e.g., Cohn v. New Paltz Central School District*, 171 Fed. Appx. 877 (2d Cir. 2006).

[2] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED**, that a formal response to Plaintiff's complaint be filed by Defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process on Defendants, and it is further

**ORDERED**, that **any paper sent by a party to the Court or the Clerk of the Court shall be accompanied by a certificate setting forth the date on which a true and correct copy of the paper was mailed to the opposing party or his or her counsel. Any letter or other document received by the Clerk or the Court which does not include a proper certificate of service will be returned.** Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the Clerk of the Court's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff.

Dated: May 14, 2008
Syracuse, New York

*George H. Lowe* (signature)
George H. Lowe
United States Magistrate Judge