**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ERIC WHALEN,**

        **Plaintiff,**

      **vs.**

**THE CITY OF SYRACUSE, THE CITY OF
SYRACUSE POLICE DEPARTMENT,
SYRACUSE POLICE OFFICER S.H. MARTE,
INDIVIDUALLY AND AS POLICE OFFICER
and JOHN DOES 1 THROUGH 20,**

        **Defendants.**

                    **5:08-CV-0246**
                    **(NAM/GHL)**

---

**APPEARANCES:**

                    **OF COUNSEL:**

Eric Whalen
753 James Street, Apt. 1203
Syracuse, New York 13203
*Plaintiff Pro Se*

City of Syracuse Corporation Counsel       Rory A. McMahon, Esq.
300 City Hall                            Rosemary Lepiane, Esq.
Syracuse, New York 13202
*For Defendants*

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

      Plaintiff Eric Whalen, brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that

defendants deprived him of his constitutional right to equal protection and under New York State

law alleging that he suffered intentional infliction of emotional distress.  Presently before the

Court are two motions: (1) defendants' motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)

(Dkt. No. 22) ; and (2) plaintiff's motion pursuant to Fed. R. Civ. P. 15(d) to supplement the

complaint (Dkt. No. 27).

## II.    THE AMENDED COMPLAINT[1]

In the amended complaint, plaintiff asserts the following: Plaintiff is a resident of

Syracuse, New York.  On October 4, 2007, plaintiff called the non-emergency telephone number

for the Syracuse Police Department ("SPD").  Plaintiff claimed that defendants John Does 1

through 20 ("Doe") were illegally conducting "surreptitious electronic surveillance of plaintiff

and disclos[ing] personal information".  Defendant S.H. Marte ("Marte") responded to plaintiff's

call.  Plaintiff alleges that when Marte arrived, plaintiff began to explain his situation.  Plaintiff

contends that Marte immediately asked plaintiff about psychiatric medication and made other

statements inferring that plaintiff's suspicions were due to mental illness without being told of

any "mental health diagnosis".  Plaintiff claims that Marte did not investigate the matter or

prepare a report.

Plaintiff's first cause of action alleges violations of the Equal Protection Clause pursuant

to 42 U.S.C. § 1983.  Plaintiff alleges that Marte was "acting under the color of state law and

pursuant to the customs of defendant SPD" when he arrived at plaintiff's apartment.  Plaintiff

further claims that he was, "similarly situated to other [sic] who receive protection from

defendant SPD in similar matters".  Plaintiff contends that Marte was motivated by animus and

should have known that his actions would violate plaintiff's constitutional rights.  With regard to

the City of Syracuse ("the City") and the SPD, plaintiff alleges:

> If it were not for the actions and lack of action on the part of the Defendants City of
> Syracuse, SPD and Officer S.H. Marte, the plaintiffs deprivation of constitutional

---

[1] In a prior Order, the Court dismissed plaintiff's complaint for failure to state a claim and directed plaintiff to file an amended complaint within 30 days.  *See Whalen v. City of Syracuse*, 08-CV-0246, Dkt. No. 6 (April 8, 2008).  On May 5, 2008, plaintiff filed the amended complaint.

rights would not have occurred.

In the second cause of action, plaintiff alleges that defendants' actions caused him to suffer extreme emotional distress, humiliation and anguish.  Plaintiff seeks compensatory and punitive damages.

### III.    RULE 12(b)(6) STANDARD

Upon a motion to dismiss pursuant to Rule 12(b)(6), "all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff." *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991).  The Court must dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief".  *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (internal citation omitted).  Plaintiff filed the complaint *pro se*, thus his pleading should be held "'to less stringent standards than formal pleadings drafted by lawyers . . .'".  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Ordinarily, the Court must decide a Rule 12(b)(6) motion to dismiss based upon the allegations in the complaint.

### IV.    DISCUSSION

Defendants move pursuant to Rule 12(b)(6) for dismissal of the amended complaint on the following grounds: (1) the SPD is an administrative arm of a municipal corporation and may not be sued; (2) the amended complaint fails to set forth a claim under § 1983; (3) Marte is entitled to qualified immunity; (4) plaintiff failed to comply with § 50-h of the General Municipal Law; (5) public policy warrants dismissal of plaintiff's claims of intentional infliction of emotional distress against the City; (6) the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims; and (7) plaintiff is not entitled to punitive damages against defendants.

### A.    Syracuse Police Department

Under New York law, a city is a municipal corporation capable of bringing suit and being sued. *See* N.Y.Gen. Mun. Law § 2. "A police department is an administrative arm of the municipal corporation." *Baker v. Willett*, 42 F.Supp.2d 192, 198 (N.D.N.Y. 1999) (citing *Loria v. Town of Irondequoit*, 775 F.Supp. 599, 606 (W.D.N.Y. 1990)). Since plaintiff sues the City of Syracuse, any claim against the City of Syracuse Police Department is redundant. Indeed, plaintiff does not oppose defendants' motion in this regard. Accordingly, defendants' motion to dismiss the City of Syracuse Police Department from this action is granted.

**B.      Monell Claims against the City**

Defendants seek dismissal of plaintiff's first cause of action against the City. Defendants argue that plaintiff's claims are based on the bald allegation that the City is liable because Marte was employed by the City. Defendants further contend that plaintiff has failed to allege the existence of an actual custom, practice or policy that caused any violation of plaintiff's constitutional rights. In opposition, plaintiff claims that, "one could easily infer a policy of deliberate indifference, giving ample notice of a claim that might be later fleshed out with facts learned during discovery".

To state a § 1983 claim against a municipality, a plaintiff must allege that a municipal custom or policy caused a deprivation of her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff must demonstrate a "direct causal link between a municipal policy or custom, and the alleged constitutional deprivation", *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989), and that the municipal policy was the "'moving force [behind] the constitutional violation.'" *Id*. at 389 (quoting *Monell*, 436 U.S. at 694). "[T]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference . . . ". *Zahra v. Town of*

4

*Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).   A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, will not suffice to raise an inference of the existence of a custom or policy. *Dwares*, 985 F.2d at 100 (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)).

In view of all of the circumstances alleged, even construing the complaint liberally, the Court finds that plaintiff's Monell claim against the City must be dismissed as a matter of law. Plaintiff has failed, despite guidance from the Court in the prior Order, to identify any policy or custom that is the basis for plaintiff's claims. *See Sorenson v. Suffolk County Child Support Enforcement Bureau*, 2009 WL 580426, at *4 (E.D.N.Y. 2009) (dismissing the *pro se* plaintiff's amended complaint for failure to identify any policy or custom as the basis for the plaintiff's claim after Court's prior order dismissing original complaint).  Plaintiff only asserts that Marte was at plaintiff's apartment, "pursuant to the customs of the SPD".   These allegations are insufficient to state a claim.  As a municipality may not be held liable on *respondeat superior*, plaintiff's Monell claim is dismissed.

**C.    Qualified Immunity**

Defendants argue that Marte is entitled to dismissal on the ground that his actions were protected by qualified immunity.  Specifically, defendants claim that Marte's actions were objectively reasonable based upon the circumstances presented when he investigated plaintiff's claims.  Plaintiff alleges that Marte's decision not to take a report was motivated by animus and denied plaintiff equal protection under the law.

Qualified immunity shields officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A right

is clearly established when "[t]he contours of the right [are] sufficiently clear that a reasonable

official would understand that what he is doing violates that right."  *Connell v. Signoracci*, 153

F.3d 74, 80 (2d Cir. 1998) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  Even

where a right is clearly established, an official is entitled to qualified immunity nevertheless if "it

was objectively reasonable for the public official to believe that his acts did not violate th[at]

right[ ]."  *Kaminsky v. Rosenblum*, 929 F.2d 922, 925 (2d Cir. 1991).  However, the objective

reasonableness of a defendants' actions depends at least in part on their alleged motivation in

dealing with plaintiff, therefore, an adjudication as to the applicability of the qualified immunity

affirmative defense on the basis of the pleadings alone would be premature. *Vega v. Artus*, 2009

WL 838124, at * 17 (N.D.N.Y. 2009).

The issue of "whether the plaintiff has asserted a violation of a constitutional right at all"

is a "purely legal question".  *X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 66 (2d Cir. 1999) (internal

citations omitted).  The equal protection clause directs state actors to treat similarly situated

people alike. *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir.1995).  The mentally ill are not a

suspect class warranting heightened equal protection scrutiny.  *Selah v. N.Y.S. DOCS Comm'r*,

2006 WL 2051402, at * 5 (S.D.N.Y. 2006) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473

U.S. 432, 445 (1985)).  However, it is possible for a plaintiff to allege a "class of one" theory,

where the plaintiff alleges that he has been intentionally treated differently from others similarly

situated and that there is no rational basis for the difference in treatment.  *See Assoko v. City of

New York*, 539 F.Supp.2d 728, 735 (S.D.N.Y. 2008); *see also Village of Willowbrook v. Olech*,

528 U.S. 562, 564 (2000).   In order to state such a claim, a plaintiff must allege (1) that he was

intentionally treated differently from other similarly situated individuals; and (2) that the

6

disparate treatment was either (a) irrational and wholly arbitrary or (b) motivated by animus. *Smith v. Fischer*, 2009 WL 632890, at \*10 (N.D.N.Y. 2009) (internal citation omitted).

In the amended complaint, plaintiff has alleged that he was similarly situated to others who receive protection from the SPD and that Marte's activity was motivated by animus. The Court's function at this stage is not to evaluate or weigh the evidence, but to view the complaint in the light most favorable to the Plaintiff. *See Cohn v. New Paltz Cent. Sch. Dist.*, 363 F.Supp.2d 421, 439 (N.D.N.Y. 2005) (holding that the allegations in the complaint, by themselves, appear to be sufficient to state a "class of one" equal protection claim). Accordingly, the Court finds that at this stage, plaintiff has set forth facts which, if proven to be true, may support his claim that a constitutional right was violated. With regard to whether or not Marte acted with objective reasonableness, this determination cannot be made at this stage of the litigation. Accepting for purposes of this motion plaintiff's allegations in his complaint, it may be that Marte's conduct was entirely consistent with prudent professional standards. *See Renelique v. Doe*, 2003 WL 23023771, at \*16 (S.D.N.Y. 2003). However, without evidence on this issue, it is impossible to conclude that reasonable jurors could reach only one conclusion concerning the reasonableness of his conduct. *See id.* Accordingly, defendant Marte's motion for dismissal based upon qualified immunity is denied.

**D.    State Law Claims against the City and Defendant Marte in his Official Capacity**

**1.    GML § 50-h**

New York law requires that whenever there is a claim against a public entity or employee, a Notice of Claim must be filed within ninety days after the claim arises. *See* N.Y. Gen. Mun. § 50-e(1)(a). Upon notice, the municipality has the "right to demand an examination of the

claimant relative to the occurrence and extent of the injuries or damages for which claim is made. . .". *Bunim v. City of New York*, 2006 WL 2056386, at * 1 (S.D.N.Y. 2006) (citing GML § 50-h(1)).  Generally, a plaintiff who fails to comply with a demand for a hearing served pursuant to General Municipal Law § 50-h(2) is precluded from commencing an action against a municipality. *October v. Town of Greenburgh*,  55 A.D.3d 704 (2d Dep't 2008) (citing GML § 50-h(5)).  However, a § 50-h hearing is not a condition precedent to commencing an action where there is no evidence that the plaintiff failed to appear for a hearing. *See Ambroziak v. County of Erie*, 177 A.D.2d 974 (4th Dep't 1991).

In the case at hand, plaintiff contends that on August 12, 2008, he personally served a Notice of Claim upon the City.  Defendants do not dispute that contention.  However, defendants allege that plaintiff did not participate in a § 50-h hearing.  Plaintiff claims that no demand for an examination was ever made by the City of Syracuse.  The record does not contain any proof that defendants served a demand for a § 50-h hearing.  Defendants have not provided a copy of said demand or proof of service of the same.  As defendants have failed to establish that plaintiff failed to appear or rescheduled the examination, defendants' motion to dismiss plaintiff's second cause of action, on this ground, is denied.[2]

### 2.    Public Policy

Public policy prohibits recovery for claims of intentional infliction of emotional distress against a city. *See Lauer v. City of New York*, 240 A.D.2d 543, 544 (2d Dep't 1997); *Wheeler v. State of New York*, 104 A.D.2d 496, 498 (2d Dep't 1984).  Therefore, plaintiff's second cause of

---

[2] Defendants assert for the first time in the reply brief that plaintiff's claims are subject to dismissal because plaintiff filed did not file his Notice of Claim until 313 days after the accrual of his cause of action.  Plaintiff has not had an opportunity to respond to this argument.  This argument may have merit, but because it was not raised until the reply brief, it will not be addressed. *See Strom v. Goldman, Sachs & Co.,* 202 F.3d 138, 142 (2d Cir. 1999).

action for intentional infliction of emotional distress is dismissed as against the City and Marte in his official capacity.

**E.      Supplemental Jurisdiction over State Law Claims**

As the Court has denied Marte's motion for dismissal based upon qualified immunity, a federal cause of action remains.  Thus, the Court will retain supplemental jurisdiction over plaintiff's remaining state law claim against Marte, individually.

**F.      Punitive Damages**

Municipalities and municipal employees sued in their official capacities are not liable for punitive damages.  *See Ivani Contracting Corp. v. City of N.Y.*, 103 F.3d 257, 262 (2d Cir. 1997). Thus, all claims for punitive damages against the City and Marte as sued in his official capacity are dismissed.

**G.      Plaintiff's Motion**

Rule 15(d) of the Federal Rules of Civil Procedure states in relevant part:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Fed. R. Civ. P. 15(d).  Here, in the proposed supplemental complaint, plaintiff seeks to add one paragraph to his second cause of action:

> The outrageous actions of the Doe Defendants continued after October 4, 2007 and occurred on an ongoing basis until at least August 11, 2008.  Actions and inactions on the part of Defendant City of Syracuse were taken knowing that it would probably cause the plaintiff severe emotional distress.  Actions on the part of the Doe Defendant's were taken knowing they would cause severe emotional distress.

As the Court previously discussed, there being no viable cause of action for intentional infliction of emotional distress against the City, supplementation of the complaint would be futile.

9

**V.      CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 22) the Syracuse Police Department from this action is granted; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 22) plaintiff's first cause of action against the City and defendant Marte in his official capacity is granted; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 22) plaintiff's second cause of action against the City and defendant Marte in his official capacity is granted; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 22) all claims for punitive damages against the City of Syracuse and defendant Marte in his official capacity is granted;

**ORDERED** that defendants' motion to dismiss (Dkt. No. 22) the amended complaint is otherwise denied in its entirety; and it is further

**ORDERED** that plaintiff's motion (Dkt. No. 27) to supplement the amended complaint is denied in its entirety.

**IT IS SO ORDERED.**

Date:  June 3, 2009

_____
Norman A. Mordue
Chief United States District Court Judge