UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIC WHALEN,

Plaintiff,

v. 5:08-CV-0246 (NPM/TWD)

THE CITY OF SYRACUSE, a Municipal Corporation, S.H. MARTE, individually and In his official capacity as Syracuse Police Officer, And JOHN DOES 1 THROUGH 20,

Defendants.

---

APPEARANCES:

ERIC WHALEN
Pro se Plaintiff
753 James Street, Apt. 1203
Syracuse, NY 13203

City of Syracuse Corporation Counsel — Catherine Ena Carnrike, Esq.
Attorney for Defendants
233 East Washington Street
Room 301 City Hall
Syracuse, NY 13202

Neal P. McCurn, Senior United States District Judge

# MEMORANDUM-DECISION and ORDER

Plaintiff Eric Whalen ("plaintiff") brings this pro se action against the City of Syracuse, New York ("City"), Police Officer S.H. Marte ("Marte"), and John Does 1 through 20 ("Does") (collectively, ("defendants") for an alleged violation

of plaintiff's civil rights pursuant to 42 U.S.C. §1983. Currently before the court is defendants' motion for summary judgment (Doc. No. 66). For the reasons set forth below, defendants' motion will be granted in its entirety.

**I. Facts and Procedural History**

Plaintiff filed his original complaint on March 3, 2008. In a prior order dated April 8, 2008, this court adopted the magistrate judge's report and recommendation (Doc. No. 4) and dismissed plaintiff's complaint for failure to state a claim, directing plaintiff to file an amended complaint within 30 days (Doc. No. 6). On May 5, 2008, plaintiff filed his first amended complaint (Doc. No. 7). Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on July 24, 2008 (Doc. No. 22). In this court's June 3, 2009 decision on defendants' motion to dismiss (Doc. No. 36), the court set forth the following facts:

> In the amended complaint, plaintiff asserts the following: Plaintiff is a resident of Syracuse, New York. On October 4, 2007, plaintiff called the non-emergency telephone number for the Syracuse Police Department ("SPD"). Plaintiff claimed that defendants John Does 1through 20 ("Doe") were illegally conducting "surreptitious electronic surveillance of plaintiff and disclos[ing] personal information". Defendant S.H. Marte ("Marte") responded to plaintiff's call. Plaintiff alleges that when Marte arrived, plaintiff began to explain his situation. Plaintiff contends that Marte immediately asked plaintiff about psychiatric medication and made other statements inferring that plaintiff's suspicions were due to mental illness without being told of any "mental health diagnosis". Plaintiff claims that Marte did not investigate the matter or prepare a

report.

> Plaintiff's first cause of action alleges violations of the Equal Protection Clause pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Marte was "acting under the color of state law and pursuant to the customs of defendant SPD" when he arrived at plaintiff's apartment. Plaintiff further claims that he was, "similarly situated to other [sic] who receive protection from defendant SPD in similar matters". Plaintiff contends that Marte was motivated by animus and should have known that his actions would violate plaintiff's constitutional rights. With regard to the City of Syracuse ("the City") and the SPD, plaintiff alleges: "If it were not for the actions and lack of action on the part of the Defendants City of Syracuse, SPD and Officer S.H. Marte, the plaintiffs deprivation of constitutional rights would not have occurred."
>
> In the second cause of action, plaintiff alleges that defendants' actions caused him to suffer extreme emotional distress, humiliation and anguish. Plaintiff seeks compensatory and punitive damages.

Doc. No. 36, p. 2-3.

In its Memorandum Decision and Order ("MDO"), the court dismissed all claims against the City and the SPD, as well as all claims against Marte in his official capacity. The defendants remaining in the case are Marte in his individual capacity and John Does 1 through 20. Currently before the court is the remaining defendants' motion for summary judgment.

## II. Discussion

### A. 42 U.S.C.A. § 1983 Generally

In order to prevail on a claim under 42 U.S.C.A. § 1983, a plaintiff must

establish the violation of a right secured by the Constitution and laws of the United States, and that the violation was committed by a person acting under color of state law. In this case, all claims against Marte in his official capacity were dismissed, and the identity of Does 1 through 20, assuming, arguendo, that they exist, remains unknown. Therefore, no remaining defendants were acting under color of state law. Consequently, plaintiff's allegations of violation of his civil rights pursuant to §1983 fails as a matter of law. Accordingly, plaintiff's Equal Protection claim fails.[1] Due to plaintiff's pro se status, however, the court will address the merits of the case.[2]

**B. Motion for Summary Judgment**

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552

---

[1] The court notes and concurs with the defendants' argument that plaintiff has failed to meet his burden of proof to show that he belongs to a protected class under 42 U.S.C. §1983, but finds that the court does not need to reach this issue.

[2] Defendants also argue, and the court concurs, that plaintiff fails to establish a prima facie claim for a state law claim for intentional infliction of emotional distress. Again, the court finds that it has sufficient grounds to dismiss this case and has no need to address this issue.

(1986); Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82 (2d Cir. 2004). "[I]n assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought[.]" See Security Ins., 391 F.3d at 83, citing Anderson V. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), citing Anderson, 477 U.S. at 250-51.

While the initial burden of demonstrating the absence of a genuine issue of material fact falls upon the moving party, once that burden is met, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial," see Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002), (citing Fed. R. Civ. P. 56(c)), by a showing sufficient to establish the existence of every element essential to the party's case, and on which that party will bear the burden of proof at trial, see Peck v. Public Serv. Mut. Ins. Co., 326 F.3d 330, 337 (2d Cir. 2003), cert. denied, 124 S.Ct. 540 (2003).

"The submissions of a pro se party should be held to less stringent standards than formal pleadings drafted by lawyers. District courts should read the

pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." Monterroso v. Sullivan & Cromwell, LLP, 591 F.Supp.2d 567, 577 (S.D.N.Y. 2008) (citing Hughes v. Rowe, 449 U.S. 5,(1980); McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (internal quotations omitted). "These same principles apply to briefs and opposition papers submitted by pro se litigants. Nonetheless, proceeding pro se does not otherwise relieve a litigant from the usual requirements of summary judgment, and a pro se party's bald assertion, unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Id., citing Ortiz v. McBride, 323 F.3d 191, 194 (2d Cir.2003); Cole v. Artuz, 1999 WL 983876 at *3 (S.D.N.Y. Oct. 28, 1999) (internal quotations omitted).

Here, the court finds that throughout the course of this litigation, plaintiff's submissions have been held to less stringent standards than formal pleadings drafted by lawyers. The district court has read the pleadings of this pro se plaintiff liberally and interpreted them to raise the strongest arguments that they suggest. Despite a finding by the magistrate judge early on that, given the lack of factual averments in the complaint, plaintiff did not state a claim for an equal protection violation, and that his privacy claims were frivolous and the product of delusion or fantasy (Doc. No. 4), this litigation, arising over a ten minute encounter between

the plaintiff and Officer Marte, has continued unabated. Plaintiff's amended complaint lists as facts, inter alia, the activities of the unknown Doe defendants, including their surreptitious electronic surveillance of the plaintiff and widespread disclosure of the gathered personal details of plaintiff's life. Purportedly included in this disclosure was the plaintiff's mental health diagnosis, which was conveyed by the Doe defendants to the SPD. When plaintiff phoned the SPD on October 4, 2007 to complain of the Doe defendants' illegal activity, Officer Marte responded. Plaintiff told Marte about the Doe defendants and their illegal activities, and declared that he did not have any idea of the identity of these surreptitious listeners and/or observers, or any idea why anyone would spy on him. Plaintiff claims that Marte must have had previous knowledge of his diagnosis of mental illness (specifically, schizophrenia), that prompted Marte to ask plaintiff about any new medications plaintiff might have been taking, or whether he had stopped taking any prescribed medications.

Defendants first argue, and the court concurs, that Marte is entitled to qualified immunity. "Under federal law, a police officer is entitled to qualified immunity where (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of

the challenged act." Pinter v. City of New York, 2011 WL 5604689 (2d Cir. 2011). Based on the facts of this case, the court finds that a reasonable officer in Marte's position would have believed that his or her conduct did not violate plaintiff's rights. When Marte made the determination that plaintiff was being irrational in his belief that unknown persons were bugging his apartment, he attempted to determine whether there was a medical or mental reason for plaintiff's irrationality. The court finds that a reasonable officer would not construe such questioning as a violation of plaintiff's constitutional rights, and accordingly, Marte is entitled to qualified immunity. Again, due to plaintiff's pro se status, the court will not stop here, but will address plaintiff's claim pursuant to the requirements of a motion for summary judgment.

On a motion for summary judgment, the court is tasked with determining if there are genuine issues of material fact remaining in this case to preclude summary judgment. Plaintiff states that the entire encounter with Marte last three to four minutes. Marte estimates the time of the encounter at approximately ten minutes. There are minor variations in the parties recounting of the conversation that took place but nothing that could be considered material for the purpose of deciding the motion before the court. For instance, Marte claims that he asked plaintiff about his medications to determine if plaintiff's belief that he was being

spied upon could be explained medically or mentally. Plaintiff counters that he wasn't asked any questions about medications but Marte "made a short statement about people and their medications to inquire into whether I was one of those people." Doc. No. 69, p. 2. Plaintiff's entire argument regarding the existence of genuine issues of material fact consisted of "[p]arts of the defendant's statement of material facts was denied by me, someone who was witness to the events that took place on October 4, 2007." Doc. No. 69-2. The court finds that there are no genuine issues of material fact remaining in this case, and that "reasonable minds could not differ as to the import of the evidence ...." Bryant v. Maffucci, 923 F.2d at 982. Accordingly, summary judgment in favor of the defendants is proper.

**III. Conclusion**

For the reasons set forth above, the court GRANTS the defendants' motion for summary judgment (Doc. No. 66). The Clerk is instructed to close this case.

SO ORDERED.

February 15, 2012

Neal P. McCurn
Senior U.S. District Judge